IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

WARREN HARDING DEAN,            )
                                )
            Petitioner,         )
                                )
vs.                             )        Case No. 03-CV-598-TCK-PJC
                                )
RON WARD; OKLAHOMA              )
DEPARTMENT OF CORRECTIONS,      )
                                )
            Respondents.        )

## OPINION AND ORDER

This is a proceeding on Petitioner's 28 U.S.C. § 2254 habeas corpus petition.  Petitioner is in custody of the Oklahoma Department of Corrections and appears in this matter *pro se*. Respondent filed a response (Dkt. # 6) to the petition and provided the state court record necessary for resolution of Petitioner's claims (Dkt. # 7).  Petitioner did not file a reply to the response. However, Petitioner did file a "motion for order granting petition for writ of habeas corpus and motion for relief requested" (Dkt. # 9).  For the reasons discussed below, the Court finds the petition should be denied.  Petitioner's "motion for order granting petition for writ of habeas corpus and motion for relief requested" shall be declared moot.

### BACKGROUND

On February 13, 2001, Tulsa Police Officer Shawn Hickey effected a traffic stop after observing the driver of the car run a stop sign and fail to signal a turn.  Petitioner, Warren Harding Dean, was the driver of the car.  Kimberly Hunt was a passenger in the car. After being stopped, Petitioner was unable to produce a driver's license. Officer Hickey waited for his backup, Officer Hall, to arrive and then asked Petitioner to exit the vehicle.  After Petitioner had exited, Officer Hickey observed several small tannish crumbs lying on the driver's side seat.  Since he suspected

the crumbs were crack cocaine, he asked Petitioner to open his mouth to check for hidden drugs. Officer Hickey observed a large tannish rock inside Petitioner's mouth.  Petitioner spat out the material which was retrieved from the ground by Officer Hall.  A search of the vehicle produced three (3) more rocks of crack cocaine, found in the ashtray of the center console.

As a result of these events, both Petitioner and Ms. Hunt were charged with felony possession of crack cocaine in Tulsa County District Court, Case No. CF-2001-989.  Petitioner was also charged with driving without a driver's license.  Petitioner was tried by a jury and convicted of Possession of Crack Cocaine, After Former Conviction of Two or More Felonies (Count 1), and Driving Without a Driver's License (Count 2).  He received a sentence of forty-five (45) years imprisonment and a fine of $10,000 on Count 1, and thirty (30) days in the county jail on Count 2, with the sentences to run concurrently.  Petitioner was represented at trial by attorney Gregg Graves.

Petitioner appealed to the Oklahoma Court of Criminal Appeals ("OCCA").  On appeal, Petitioner was represented by attorney Stuart Southerland.  He raised five (5) claims as follows:

Proposition 1: The trial court failed to conduct a proper inquiry after the issue of defense counsel's effectiveness had been raised both by Appellant and his attorney, who represented a co-defendant charged and convicted of possessing cocaine with Appellant.  Under the fact of this case, Appellant's convictions must be reversed on Sixth Amendment grounds.

Proposition 2: The jury was improperly instructed as to the minimum sentence for possession of controlled substance.

        A.      Oklahoma law.

        B.      Ameliorative statutory changes in other jurisdictions.

Proposition 3: Appellant's sentence of 45 years is excessive and should be modified by this Court.

        A.      Appellant's sentence violates the Eighth and Fourteenth Amendments to the United States Constitution, as well as Article II § 9 of the

Oklahoma Constitution.

B.      This Court should abandon the "shock the conscience test" in favor
        of a proportionality standard of review.

C.      If this Court properly applies the "shock the conscience" standard, it
        must consider recent legislative modifications to 21 O.S. 2001 § 51.1.

Proposition 4: The failure to offer the contraband as evidence prevented the State from
        establishing that the cocaine tested was the same substance as that seized
        from the scene of Appellant's arrest.  The State therefore failed to establish
        a sufficient chain of custody, requiring the reversal of Appellant's conviction.

Proposition 5: The evidence was insufficient to establish that Appellant possessed cocaine
        base as alleged in the Information.

(Dkt. # 6, Ex. A).  On January 22, 2003, the OCCA entered its unpublished summary opinion

affirming the Judgment and Sentence of the trial court.  (Dkt. # 6, Ex. C).

On September 3, 2003, Petitioner filed his federal petition for writ of habeas corpus (Dkt.

# 1).  In his petition, Petitioner raises three (3) grounds of error, as follows:

Ground 1:    The trial court committed fundamental error by refusing to appoint conflict-
             free counsel in violation of the 6th Amendment of the Const.

Ground 2:    The jury was improperly instructed as to the minimum sentence for
             possession of controlled substance.  Because of the ambiguous nature of 21
             O.S. 2001 § 51.1(C) a "prospective application" of the statute can be
             accomplished from the date of sentencing.

Ground 3:    Petitioner's 45 year sentence is excessive and should be modified by this
             Court.

(Dkt. # 1).  In response to the petition, Respondent asserts that habeas corpus relief is either not

cognizable or not warranted under the 28 U.S.C. § 2254(d) standard.  See Dkt. # 6.  Respondent has

provided copies of the trial transcripts and the state court record for this case.  See Dkt. # 7.

***ANALYSIS***

3

A.      **Exhaustion/Evidentiary Hearing**

The Court finds that the exhaustion requirement of 28 U.S.C. § 2254(b) is satisfied in this case because Petitioner fairly presented all claims to the OCCA on direct appeal.  In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing.  See Michael Williams v. Taylor, 529 U.S. 420 (2000).

B.      **Claims adjudicated by the OCCA**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") amended the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions.  Under the AEDPA, when a state court has adjudicated a claim a petitioner may obtain federal habeas relief only if the state decision "involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 150-51 (10th Cir. 2001).  When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner.  See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002).  Furthermore, the "determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). In this case, the OCCA adjudicated each of Petitioner's claims on direct  appeal. Therefore, to the extent Petitioner's claims are cognizable in a federal habeas corpus proceeding, those claims shall

4

be reviewed pursuant to § 2254(d).

### 1. *Conflict of Interest (claim 1)*

The record reflects that Petitioner was charged along with his co-defendant, Kimberly Irene Hunt, with possession of crack cocaine. The Tulsa County Public Defender's Office was appointed to represent both defendants. On March 14, 2001, Petitioner's court-appointed attorney, Gregg Graves, requested that he be allowed to withdraw. An entry on the docket sheet reflects the request to withdraw was granted by Judge Haskins. See Dkt. # 7, State Court Record at 4. Nonetheless, attorney Graves appeared on behalf of Petitioner before a second judge, Judge Singer on April 11, 2001. Id. On April 16, 2001, attorney Graves appeared with Petitioner's co-defendant Hunt before a third judge, Judge Harris. Id. at 5. On that date, Ms. Hunt entered a plea of *nolo contendere* to the charge of possession of crack cocaine. She was sentenced to four (4) years imprisonment. Id. Two (2) days later, on April 18, 2001, Petitioner appeared at preliminary hearing before Judge Haskins, represented by attorney Graves. Id. at 6. On June 22, 2001, Judge Harris conducted a motion hearing on Petitioner's *pro se* motions for a new attorney and to suppress evidence. Id. at 7; Trans. Mot. Hr'g dated June 22, 2001. Petitioner's requests for a new attorney and to suppress evidence were denied. See Dkt. # 7, Trans. Mot. Hr'g dated June 22, 2001, at 3. Attorney Graves continued to represent Petitioner throughout trial proceedings held before a fourth judge, Judge Peterson. See Dkt. # 7, Tr. Trans. Vols. I, II, III.

Based on those facts, Petitioner argued for the first time in his brief on direct appeal that his Sixth Amendment right to effective representation by counsel was violated by the trial court's failure to inquire properly after the issue of counsel's effectiveness was raised. Petitioner claimed the ineffectiveness resulted from a conflict of interest. In rejecting the claim, the OCCA cited Mickens

v. Taylor, 535 U.S. 162 (2002), and Cuyler v. Sullivan, 446 U.S. 335, 349 (1980), and determined that "Appellant has failed to show that an actual conflict of interest adversely affected his lawyer's performance as is required in order to demonstrate a Sixth Amendment violation either where the trial court fails to inquire into a potential conflict of interest about which it knew or reasonably should have known or the appellant alleges his attorney functioned under a conflict of interest but did not object at trial."  (Dkt. # 6, Ex. C).

The Court finds Petitioner has failed to demonstrate that the OCCA's adjudication of this claim was contrary to or an unreasonable application of Supreme Court law as required by 28 U.S.C. § 2254(d).  It is well established that to prevail on an ineffective assistance of counsel claim, a habeas petitioner must satisfy the two-pronged standard enunciated in Strickland v. Washington, 466 U.S. 668 (1984).  See Murray v. Carrier, 477 U.S. 478, 488-89 (1986); United States v. Cook, 45 F.3d 388, 394-95 (10th Cir. 1995).  The Strickland test requires a showing of both deficient performance by counsel and prejudice to Petitioner as a result of the deficient performance. Strickland, 466 U.S. at 687. "In order to establish a violation of the Sixth Amendment, a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance."  Cuyler v. Sullivan, 446 U.S. 335, 348 (1980).  Where the defendant makes a timely objection pointing out a conflict of interest, prejudice is presumed if the trial court fails to make an adequate inquiry into the situation and take appropriate steps. Selsor v. Kaiser, 22 F.3d 1029, 1032- 33 (10th Cir.1994) (citing Holloway v. Arkansas, 435 U.S. 475, 484 (1978)). "Prejudice is presumed only if the defendant demonstrates that counsel 'actively represented conflicting interests'. . . ." Strickland, 466 U.S. at 692 (quoting Cuyler, 446 U.S. at 350). The mere possibility of a conflict of interest "is insufficient to impugn a criminal conviction." Cuyler, 446 U.S.

6

at 350.   More recently, the Supreme Court held that to demonstrate a Sixth Amendment violation where the trial court failed to inquire into potential conflict of interest about which it knew or reasonably should have known, the defendant had to establish that this conflict of interest adversely affected counsel's performance.   Mickens v. Taylor, 535 U.S. 162 (2002) (capital case involving alleged conflict of interest resulting from defense attorney's representation of defendant's victim at time of murder).

In the instant case, nothing in the record indicates that Petitioner ever made a specific objection to counsel's ongoing representation based on a conflict of interest prior to his direct appeal. Furthermore, Petitioner has failed to demonstrate that his trial counsel "actively represented conflicting interests."   The record does reflect, as indicated above, that Petitioner filed *pro se* pre-trial motions for a new attorney and to suppress evidence.   On June 22, 2001, the trial court held a hearing on the motions.   See Dkt. # 7, Trans. Mot. Hr'g dated June 22, 2001.   During the hearing, Petitioner expressed dissatisfaction with attorney Graves' representation based on a lack of communication and failure to pursue a motion to suppress evidence.   However, at that hearing, neither Petitioner nor his attorney objected based on a conflict of interest.   The record further reflects that on October 8, 2001, before commencement of trial, Petitioner complained to the trial court judge that he wanted to call his co-defendant, Kimberly Hunt, as a witness but that his attorney refused.   See Dkt. # 7, Tr. Trans. Vol. I at 4.   Petitioner's attorney explained to the trial court judge that it would not be in Petitioner's best interest to call Ms. Hunt as a witness in light of her probable testimony and the existence of credibility issues resulting from her criminal record.   After hearing defense counsel's explanation, the trial court judge explained to Petitioner that his attorney would be committing malpractice if he acquiesced to Petitioner and called Ms. Hunt as a witness.   See id.

7

at 4-5.   In the absence of an explanation from Petitioner, this Court can only hypothesize that Petitioner hoped Ms. Hunt would testify that all of the crack cocaine found in the vehicle was hers and not Petitioner's.   However, the Court finds it significant that the State presented overwhelming evidence that Petitioner was in fact in possession of crack cocaine.   Two (2) police officers testified that Petitioner had a tannish colored rock in his mouth at the time of his arrest following a traffic stop.  See Dkt. # 7, Tr. Trans. Vol. II at 143, 176-78.  The rock which Petitioner spat from his mouth was recovered by the police officers,   see id. at 144-45, 177, and later tested positive as crack cocaine, id. at 189-90. The evidence of Petitioner's guilt leads the Court to conclude that defense counsel's refusal to call Ms. Hunt as a witness was the result of sound trial strategy rather than a putative conflict of interest.

Based on a careful review of the record in this case, the Court finds that Petitioner has failed to demonstrate that he received ineffective assistance of counsel based on a conflict of interest. Petitioner has failed to point to facts showing that an actual conflict of interest adversely affected his lawyer's performance.  The trial judge's failure to inquire into a suspected conflict is not the kind of error requiring a presumption of prejudice.   See Mickens, 535 U.S. at 176 (Kennedy, J., concurring).  Petitioner has not satisfied the prejudice prong of the Strickland standard.  Because Petitioner has demonstrated neither an actual conflict on the part of his counsel nor any adverse effects of a potential conflict of interest, the Court concludes that Petitioner has not shown that the OCCA's adjudication of this claim on direct appeal was contrary to or an unreasonable application of federal law as determined by Supreme Court.  See 28 U.S.C. § 2254(d).  Thus, Petitioner is not entitled to habeas corpus relief on this ground.

### 2. Jury Instruction (claim 2)

In ground 2, Petitioner challenges the instruction given to his jury concerning the range of punishment.  Specifically, Petitioner complains that the trial court erred by failing to cite to the statutory change made to Okla. Stat. tit. 21, § 51.1, after he committed the crime for which he was convicted but before his trial and sentencing.  Petitioner committed his crime on February 13, 2001. The amendment to Okla. Stat. tit. 21, § 51.1, effective July 1, 2001, provided for a minimum sentence for offenders with two prior felony convictions of three (3) times the minimum provided in the applicable felony statute for a first time offender.  Since the minimum sentence provided by the statute governing Petitioner's drug offense was two (2) years, the amendment would, if applied to his conviction, have allowed the jury to award him a minimum punishment of six (6) years, rather than twenty (20) years.  However, the OCCA rejected this claim on direct appeal, citing Nestell v. State, 954 P.2d 143, 144 (Okla. Crim. App. 1998), and State v. Watkins, 837 P.2d 477, 478 (Okla. Crim. App. 1992), and finding that "[a]s there is no express indication that the legislature intended the unambiguous amendment changing the range of punishment to be applied retroactively, Appellant was entitled only to an instruction on the law that was in effect at the time he committed the crime."  (Dkt. # 6, Ex. C).

In rejecting Petitioner's claim that he was entitled to the benefit of the retroactive amendment, the OCCA determined as a matter of state law that Petitioner was not entitled to the benefit of the amendment.  Federal habeas relief will not lie for errors of state law.  Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).  To be entitled to habeas corpus relief, a petitioner must show that the violation of state law resulted in a denial of due process.  See Aycox v. Lytle, 196 F.3d 1174, 1179-80 (10th Cir. 1999) (citing Hicks v. Oklahoma, 447 U.S. 343, 346 (1980)).  "Moreover, the deprivation occasioned by the state's failure to follow its own law must be 'arbitrary in the

9

constitutional sense'; that is, it must shock the judicial conscience."  <u>Aycox</u>, 196 F.3d at 1180.

Petitioner fails to point to any OCCA precedent determining that the amendment to Okla. Stat. tit.

12, § 51.1, should have retroactive effect.  In fact, Oklahoma case law is to the contrary.  <u>See</u>

<u>Williams v. State</u>, 59 P.3d 518, 519 (Okla. Crim. App. 2002) (rejecting claim that a defendant was

entitled to retroactive application of Okla. Stat. tit. 21, § 51.1(C) and stating general rule that in

absence of express indication that legislature intended amendment changing sentencing range to

operate retroactively, defendant is entitled only to application of law in effect at time of his crime).

Petitioner has failed to demonstrate that the failure to apply the amended sentencing statute resulted

in a deprivation of due process.  The Court concludes that Petitioner is not entitled to habeas corpus

relief on this claim.

### 3.  Excessive sentence (claim 3)

As his third proposition of error, Petitioner alleges that his sentence of 45 years

imprisonment for possession of 0.09 grams of crack cocaine is excessive.  The OCCA rejected this

claim on direct appeal, citing <u>Rea v. State</u>, 34 P.3d 148, 149 (Okla. Crim. App. 2001), and finding

that "the 45-year sentence imposed in this case does not shock our conscience or constitute cruel and

unusual punishment based on this record."  (Dkt. # 6, Ex. C).

During second stage proceedings, the State presented evidence that Petitioner had eleven

(11) prior felony convictions.  The jury found Petitioner guilty of Possession of Crack Cocaine,

After Prior Conviction of Two Felonies.  <u>See</u> Dkt. # 7, Tr. Trans. Vol. III at 272.  As a result, the

minimum punishment under Oklahoma's habitual offender statute in effect at the time of Petitioner

committed his crime, Okla. Stat. tit. 21, § 51.1(B), was twenty years, and the Oklahoma statute

provided no maximum sentence. Where the sentence imposed is within the maximum provided by

law, as in this case, there is no basis for habeas relief. <u>Cooper v. United States</u>, 403 F.2d 71, 73 (10th Cir.1968).

To the extent Petitioner alleges a violation of the Eighth Amendment's prohibition on cruel and unusual punishment as the basis for his claim, the Court finds Petitioner is not entitled to relief because his sentence is not grossly disproportionate to the crime he committed, possession of any amount of crack cocaine, after having been previously convicted of at least two felonies.  <u>See</u> <u>Hawkins v. Hargett</u>, 200 F.3d 1279, 1282 (10th Cir.1999); <u>see also</u> <u>Rummel v. Estelle</u>, 445 U.S. 263 (1980) (finding that a life sentence with the possibility of parole is not disproportionate for a three-time non-violent recidivist).  The length of Petitioner's sentence cannot be said to be unreasonable in light of the deferential standard that binds this Court's analysis.  <u>See</u> <u>Lockyer v. Andrade</u>, 538 U.S. 63, 72-73 (2003) (observing numerous impediments to challenging the length of a prison sentence under federal habeas review).  Thus, Petitioner is not entitled to habeas corpus relief based on any claim that his sentence is constitutionally excessive.

### *CONCLUSION*

After careful review of the record in this case, the Court concludes that the Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States.

**ACCORDINGLY, IT IS HEREBY ORDERED that** the petition for writ of habeas corpus (Dkt. # 1) is **denied**.  Petitioner's  "motion for order granting petition for writ of habeas corpus and motion for relief requested" (Dkt. # 9) is **declared moot**.

SO ORDERED THIS 24th day of July, 2006.

_Terence Kern_

_____

TERENCE KERN
UNITED STATES DISTRICT JUDGE

11